IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Joseph M Kupiszewski et al, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No: 17cv6393 |
| | ) | |
| v. | ) | Magistrate Judge: M. David Weisman |
| | ) | |
| Mohawk Finishing Products Division of RPM Wood Finishes Group, Inc. et al, | ) ) ) | |
| | ) | |
| Defendant(s), | ) | |

## ORDER

Magistrate Status hearing held. Parties reported that they addressed deferring expert discovery with the District Judge. A settlement conference is set for 11/29/18 at 10:30 a.m. Plaintiffs' settlement letter shall be delivered to Defendants, with a courtesy copy delivered to the Court, in chambers, on or before 11/15/18. Defendants' settlement letter shall be delivered to Plaintiffs, with a courtesy copy delivered to the Court, in chambers, on or before 11/23/18. The parties must also submit their respective documents by email to Proposed_Order_Weisman@ilnd.uscourts.gov. However, please note that settlement letters are not to be filed on the CM-ECF system. If the parties prefer a different date for the settlement conference, they shall jointly contact Courtroom Deputy, Alyssia Owens at Alyssia_Owens@ilnd.uscourts.gov with agreed proposed dates. Parties have no objection to the Court having ex parte discussions with counsel in advance of the settlement conference if the Court believes such conversations would be warranted. The Court looks forward to meeting with the parties at the settlement conference.

The Court advises the parties as follows: The Court will apply the 10% rule during the settlement process. The rule operates as follows: During each negotiation round, the parties must collectively reduce the difference between the demand and offer by at least 10%. For example, if the plaintiff's opening demand were $100,000, and defendant's opening offer is $10,000. The difference between the demand and the offer is $90,000. In the next round of negotiation, between the plaintiff's adjusted demand, and defendant's adjusted offer, the parties must collectively move at least $9,000 (10% x $90,000). Therefore, if plaintiff's demand in the next round of negotiation is $90,000, the 10% rule has been satisfied as the overall movement between the two parties has met or exceeded $9,000 (10% of the last round's difference).

Here is another example of the rule in operation:

Plaintiff Original Demand:   $200,000
Defendant's Original Offer:  $10,000
10% Rule Movement:           $19,000 ($190,000 x 10%)

Next Round:
Plaintiff's Revised Demand:  $195,000
Defendant must move up at least $14,000 to satisfy the 10% rule ($19,000 less $5,000 (plaintiff's movement)).

If the parties have collectively not moved the required 10%, the Court will give each side an opportunity to adjust their respective positions in order to satisfy the 10% requirement. If the 10% rule cannot be satisfied by the parties' collective movements, the Court will terminate the settlement conference.

T: (00:16)

Date: October 10, 2018

_____
M. David Weisman
United States Magistrate Judge